IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JO ANNE BARNHART, COMMISSIONER | : | |
| OF SOCIAL SECURITY | : | NO. 06-4405 |

**MEMORANDUM**

**Baylson, J.**                                                                                                                    **September 26, 2007**

**I.      Introduction**

Plaintiff, Veronica Brown, ("Plaintiff") challenges the denial of her application for Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1338(f). Presently before this Court is Plaintiff's Motion for Summary Judgment, moving the court to set aside the order of the Administrative Law Judge ("ALJ") which denied her application. For the reasons that follow, the Court denies Plaintiff's motion.

**II.     Factual and Procedural Background**

Plaintiff protectively filed application for disability and SSI benefits on August 13, 2003. (R. at 79).[1] Her initial request was denied on March 29, 2004. (*Id*. at 32). Plaintiff made a timely appeal of this finding, requesting a hearing before an Administrative Law Judge. (*Id*. at 37). The hearing was held before ALJ Malvin Eisenberg on January 14, 2005. (*Id*. at 329). On September 14, 2005, the ALJ denied Plaintiff's claim, holding that Plaintiff was not disabled under the definition set forth under the Social Security Act. (*Id*. at 22). Plaintiff asked the Appeals Council to review the hearing decision of Judge Eisenberg. (*Id*. at 89-90). In an order

---

[1]Plaintiff's social security insurance expired March 31, 2007. (R. at 28).

dated November 3, 2006, the Appeals Council wrote that it found no reason to review the ALJ's decision and denied Plaintiff's request for review. (*Id*. at 8-11).

Brown then exercised her right under 42 U.S.C. § 405(g) to seek redress in this Court. On February 28, 2007, Plaintiff filed a civil action, and then filed for summary judgment against the defendant, asking the Court to remand this matter for further consideration because the ALJ's decision was based on an application of incorrect legal standards. (Pl.'s Mo).

Plaintiff was born on October 2, 1954, and completed the twelfth grade. (R. at 99, 96). She has had sporadic and intermittent work experience in low-skilled jobs, primarily in food service and sales. Plaintiff claims she worked in food service from 1971-1974, as a salesperson at the airport in 1980 and from 1998-2001, as an "Assistant Cook" in 1993, and in two "maintenance" jobs in 1995 and 1997, respectively. (R. at 91). Plaintiff claims that she has not done any significant work since 2001. (*Id*).

Plaintiff claims that she has suffered from a major disability since January 15, 2002. (*Id*. at 90). In her initial request for Social Security benefits, Plaintiff asserted the following chronic medical conditions: asthma, arthritis, a stroke, incontinence, abdominal pain, back pain, arm numbness, knee pain, hypertension, anxiety, and depression. (*Id*. at 23). The following conditions were named in medical reports submitted to the ALJ after the hearing and were discussed in Plaintiff's brief to support her Motion for Summary Judgment relating to the spine and joints:[2] degenerative disc disease of the cervical spine; a left paracentral disc protrusion at

---

[2] Many of Plaintiff's medical records had not been sent to the ALJ by the date of the hearing on January 14, 2005. At the hearing, Plaintiff's attorney claimed that Plaintiff had requested her medical records, but, through no fault of her own, they had not arrived. The ALJ left the record open for three weeks after the hearing so that he could receive and evaluate these medical reports, which included the November 1994 MRI and the neurological evaluation made by Dr. Gzesh. (R. at 374) *(See* Discussion *infra* pp. 6-7, 11). The documents which arrived

C3-4 accompanied by moderate central canal stenosis; a small left paracentral disc protrusion at C4-5 accompanied by moderate central canal stenosis and mild left neural foramina stenosis; posterior osteophytic ridging and left uncovertable joint hypertrophy at C5-6 causing mild central canal stenosis and moderate left neural forminal stenosis; a central/right paracentral disc protrusion at C6-7 causing minimal central canal stenosis; early bilateral degenerative joint disease of the knees; calcific tendinitis of the bilateral quadriceps tendon; symptoms suggestive of a peripheral nervous system disorder.  (Pl.'s Br. at 2).  Plaintiff's brief also discusses obesity as a medical condition, but it is not explicitly mentioned in her original application nor at her hearing.  (*Id*).

Plaintiff testified at her hearing that she could only lift ten pounds, and only for a short length of time, that she could only walk two blocks at a time and that she could only remain standing for fifteen to twenty minutes at a stretch.  (R. at 355-357).  She said she was able to do basic housework and repairs but could not do any heavy lifting or pushing.  (R. at 358).  Plaintiff also testified to occasional suicidal thoughts, crying spells, and difficulty sleeping.  (R. at 364-65).

In his testimony at Plaintiff's hearing before the ALJ, the Vocational Expert, ("VE") Gary Young, testified that all the jobs that Brown had held were unskilled work.  Under standards set by the Department of Transportation, Plaintiff's jobs in housekeeping were considered light work and her job as a cook's helper and as a cashier were considered medium work.  (R. at 345-46).  The VE testified that if all Brown's testimony were credited, she could not perform any work activity.  (R. at 370).  However, when asked what jobs Plaintiff might perform if it was assumed

---

subsequent to the hearing, marked exhibits 14F-21F, were discussed at length in the ALJ's decision.

she had no exertional impairments and a moderate limitation in her ability to understand, remember, and carry out detailed instruction, the VE listed a host of unskilled jobs which Brown might perform. (R. at 372). The VE testified that, under these circumstances, Plaintiff would be able to return to her former job as a cook's helper. *Id.* The government's medical expert, psychiatrist Carla Rodgers, testified she could not conclude Plaintiff had any major psychiatric disability, based on the lack of evidence in the record. (R. at 369).

Plaintiff offered no medical testimony at her hearing before the ALJ. (R. at 329). Her claims of disability are based mainly on unexplained medical diagnosis reports, such as MRIs and CT scans, unaccompanied by any explanation from a physician and submitted to the ALJ after the hearing date. (*See supra* text footnote 2).

Plaintiff's initial request for Social Security benefits does not mention alcohol or drug abuse, but clinical records contain many allusions to alcohol abuse and inconsistent discussion of the use of marijuana. In May 2003, Plaintiff told clinical personnel that she was using marijuana and drinking 64 ounces of beer three times a week. (R. at 25, *citing* Ex. 13F). In March 2004, Plaintiff admitted to drinking as many as six beers a day. (R. at 25, *citing* Ex. 17F). At other times, Plaintiff has denied using marijuana. The results from a urine test in October 2004 were negative for all drug use. (R. at 25, *citing* Ex. 9F). At the hearing to determine Plaintiff's eligibility for Social Security the Plaintiff testified that she had not drunk alcohol in a year and denied using marijuana in five years. (R. at 350-1).

The ALJ found that Brown suffered from depression, anxiety, and alcohol dependence that are severe within the meaning of the regulations but not severe enough to meet or medically equal impairments listed in the regulations. (*Id.* at 24). All other medical conditions were found

to be non-severe and Plaintiff was found to have no exertional impairments. (*Id*. at 24-26). The ALJ found that Plaintiff's anxiety, depression, and alcohol dependence did not prevent her from performing her past relevant work (R. at 26), and therefore that Plaintiff did not have a disability as defined by the Social Security Act. *See* 20 CFR §§ 404.1520(f) and 416.920(f).

### III.     Legal Standard

The standard of review of an ALJ's decision is plenary for all legal issues. *See Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999). The scope of the review of determinations of fact, however, is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision. *See Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005). As such, "[t]he Court is bound by the ALJ's finding of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *see also Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986) (holding if "an agency's fact finding is supported by substantial evidence, reviewing courts lack power to reverse . . . those findings"). The Court must not "weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford,* 399 F.3d at 552 (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999) (internal quotation omitted).

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding. 42 U.S.C. § 405(g). The district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner

of Social Security, with or without remanding the cause for a rehearing." *Id.* However, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* (emphasis added). Accordingly, this Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." *Schwartz v. Halter,* 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

In order to establish a disability under the Social Security Act, a claimant must demonstrate that she suffers from a mental or physical impairment that prevents her from engaging in substantial gainful activity for a period of at least twelve months. 42 U.S.C. § 423(d).

### IV. Plaintiff's Contentions

Plaintiff alleges the ALJ committed reversible error of law by (1) failing to find Plaintiff had multiple physical impairments (2) finding that the Plaintiff had no exertional impairments, (3) finding that Plaintiff could return to her past relevant work experience as a cook's helper, (4) failing to include Plaintiff's medical impairments established by the record in the hypothetical questions posed to the vocational expert, and (5) finding that Plaintiff's statements concerning her impairments were not entirely credible were not supported by substantial evidence. (Pl.'s Br. at 3-13).

### V. Discussion

Plaintiff's first claim, that the ALJ made an error of law by failing to find that Plaintiff's physical impairments qualified as a severe disability, is based mainly on the Plaintiff's contention that her conditions, listed in an MRI dated November 2004, performed by Dr. Erica Belton, were

not adequately considered by the ALJ in his opinion denying Plaintiff benefits. (Pl.'s Br. at 5). The ALJ did consider and discuss the results of this MRI at some length, however, as well as the findings of a neurologist, Dr. Gzesh, who found that Brown had some symptoms consistent with peripheral nerve disorder. (R. at 262).

Although the ALJ acknowledged that the medical examinations revealed some abnormal neurological findings, Dr. Belton, the examining physician, never stated nor implied that Plaintiff suffered from any condition that would render her be incapable of working or restrict her ability to do any job. As Plaintiff bears the burden to prove her medical conditions and their corresponding functional limitations, *Torres v. Schweiker*, 682 F.2d 109, 11 (3d Cir. 1982), this Court finds that the ALJ's conclusion that Brown did not suffer from a severe physical disability was supported by substantial evidence and is therefore conclusive. *See* 42 U.S.C. § 405(g) (stating that when Commissioner's decision is based on substantial evidence it shall be conclusive).

Plaintiff further contends that the ALJ's finding that she had no physical disability was in error because the ALJ failed to conduct the analysis required by Social Security Rule 02-01p (2002) ("SSR 02-01p")  when he did not adequately consider Plaintiff's obesity as a factor contributing to her physical and exertional impairments. (Pl.'s Br. at 7). The SSR states that obesity can cause limitation of functioning and may exacerbate the impact of co-existing musculoskeletal impairments and that, therefore, in determining whether a claimant's obesity is a severe impairment, an ALJ must "do an individualized assessment of the impact of obesity on an individual's functioning." SSR 02-01p (2002). Plaintiff concedes that obesity was mentioned in the ALJ's report but contends that this discussion was insufficient. (Pl.'s Br. at 7).

The statute makes clear that the ALJ must consider obesity as a factor in a disability determination. SSR 02-01p (2002). However, where Plaintiff makes a generalized claim that obesity increases her impairments, without any medical evidence specifying how or in what way it does so, remand is not required. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). In *Rutherford*, the Court did not remand the case to the ALJ where Plaintiff never mentioned obesity at her hearing and did not specify how her obesity would affect the five step analysis used by the ALJ to determine disability. *Id.* The Court stated that a generalized claim that obesity increased a claimant's disability "is not enough to require remand, particularly when the administrative record indicates clearly that the ALJ relied on voluminous medical evidence as a basis for his findings regarding [Plaintiff's] limitations and impairments." *Id.* Similarly, Brown offers no specific evidence explaining how her obesity enhances any of disabling conditions she alleges, nor how it might factor into the ALJ's five step analysis. At her hearing in front of the ALJ, she did not discuss her obesity when asked to describe her impairments. (R. at 346). Plaintiff's first mention of obesity came in her Brief in Support of the Motion for Summary Judgment where she merely stated that obesity, combined with her other impairments, would cause her "to experience more than slight restrictions with regard to functions such as standing, walking, lifting, carrying, reaching, handling, bending, and the like." (Pl.'s Br. at 7). The Court finds, therefore, that this matter need not be remanded for further findings on Plaintiff's obesity.

Plaintiff alleges that the ALJ committed reversible error by finding that Plaintiff had no exertional limitations when formulating Plaintiff's Residual Functional Capacity ("RFC") and by finding that the Plaintiff could return to her past relevant work as a cook's helper. (Pl.'s Br. at 8). Plaintiff asserts that her combination of physical impairments affects her ability to perform

physical work activities needed for all jobs other than sedentary work and that given her age, educational achievement level and work history, she qualifies as disabled. *See* 20 C.F.R. § 404 Subpt. P, App. no. 2, Reg. no. 4 (containing a grid which categorizes unskilled people at the age of 50 with a high school diplomas who can only perform sedentary work as disabled).[3] However, Plaintiff presented no medical evidence of any exertional impairment at her hearing before the ALJ, beyond her own testimony that she could not lift more than ten pounds, could not walk more than two blocks, and had difficulty standing for more than fifteen to twenty minutes at a time. (R. at 355-57). Diagnostic results from her MRI from November 2004 and the findings of neurologist Dr. Gzesh were submitted to the ALJ after Brown's hearing so the ALJ could not ask Brown, nor any other expert present at the hearing, about any of the diagnoses nor how they might relate to the symptoms she described. In addition, neither Dr. Belton, who performed the MRI on Brown, (*see* R. at 265) nor Dr. Gzesh, the neurologist who made a finding that Plaintiff had symptoms consistent with a peripheral nerve disorder, (*see* R. at 262) ever claimed that Plaintiff had any exertional impairments which might prevent her from doing the medium work of a cook's helper. *See* DEPT OF TRANSPORTATION, THE DICTIONARY OF OCCUPATIONAL TITLES, Fourth Edition (revised 1991), (defining tasks required of cook's helper and classifying job as "medium work").

In considering a claimant's alleged disability, the ALJ must consider a claimant's symptoms and the extent to which symptoms can reasonably be accepted as consistent with objective medical evidence. 20 C.F.R. § 404.1529. A claimant's statements about pain and

---

[3]Plaintiff turned 50 on October 2, 2004. Her testimony in front of the ALJ indicates she has a high school education and completed a nurse's training course in 1975 but has never held a job in a skilled profession. (R. at 337).

other symptoms alone, unsubstantiated by medical evidence, will not be enough to establish a disability. *Id.* In the instant case, the only medical evidence the Plaintiff can point to to support her subjective claims are the unexplained diagnostic reports of two doctors who did not provide any information regarding whether or not their diagnoses might contribute to Plaintiff's alleged conditions. Therefore, the Court finds that the ALJ's conclusion that Plaintiff has no exertional impairments and could return to her past relevant work is supported by substantial evidence.

Plaintiff alleges that the ALJ committed a reversible error of law when he failed to ask the vocational expert ("VE") hypothetical questions regarding every one of her impairments. (Pl.'s Br. at 10). While it is true that a vocational expert must be posed hypothetical questions about every one of a claimants disabilities, the law does not require that questions be submitted to the VE regarding every alleged disability, but rather only credibly established limitations. *Rutherford,* 399 F.3d at 554, *citing Plummer v. Apfel,* 186 F.3d 422, 431 (3d. Cir. 1999). An ALJ may not reject a claimed symptom related to an impairment that is consistent with the medical record merely because there is no medical evidence to support it. Reg. § 929(c)(3). However, if, as here, the ALJ's conclusion about the impairments suffered by the claimant are based on substantial evidence, the court will not question those determinations. 42 U.S.C. § 405(g).

Plaintiff contends that ALJ's evaluation of her testimony as not entirely credible is a reversible error of law. (R. at 10). The Court disagrees. Credibility determinations regarding a plaintiff's testimony about her pain and limitations are decisions within the ALJ's province. *Van Horn v. Schweiker*, 717 F.2d 871, 871 (3d Cir. 1983). As such, they must be considered conclusive as long as they are based on substantial evidence. *Richardson v. Perales*, 402 U.S.

389, 390 (1971) *citing* 42 U.S.C. § 405(g). The record shows a full consideration of Plaintiff's claim. The substantial inconsistencies between Brown's testimony at her hearing, that she did not use alcohol or marijuana and her statements to medical professionals contained in her records that she did, in fact, abuse both, undermine Brown's credibility and corroborate the ALJ's findings, further supporting the ALJ's conclusions. *See Leech v. Barnhart*, 312 F. 3d 113, 130-31 (3d Cir. 2002) (holding that ALJ may reject complaints of claimant where those complaints are unsupported by the medical record).

## VI.     Conclusion

For the foregoing reasons, this Court affirms the decision of the ALJ.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERONICA BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JO ANNE BARNHART, COMMISSIONER | : | |
| OF SOCIAL SECURITY | : | NO. 06-4405 |

**ORDER**

AND NOW, this 26th day of September, 2007, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED, and the Court will enter summary judgment is favor of the Defendant (even though the Defendant did not specifically file such a motion). Accordingly, final judgment is entered in favor of Defendant and against the Plaintiff.

The Clerk shall close this case.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-4405 Brown v. Barnhart\Brown v. Barnhart - Memo MSJ 9-26-07.wpd